Matthew J. Vitanza, J.
The plaintiff sued the defendant *859 for the sum of $104.22 consisting of $67.22 for repairs to the exhaust system, on his 1974 Toyota, $29 for a tire and $13 for alignment of the vehicle. It is the plaintiff's claim that the damages were caused when he struck a pothole on Elm Street in the village of Deposit on January 31, 1976. He further claims the pothole resulted from the defendant’s failure to maintain Elm Street after the installation of a sewer system.
The plaintiff concedes that he is unable to prove that the tire wore out and the wheel went out of alignment exclusively because his vehicle struck the pothole, but states that the damage to the exhaust system was caused exclusively by the striking of the pothole. A previous case involving damage to the plaintiff’s exhaust system when it struck a pothole resulted in a decision of 50% negligence on the part of both the plaintiff and the defendant.
This case is identical except for one factor. The defendant in this case claims that the court lacks jurisdiction to hear the case. The defendant’s motion to dismiss in the prior case on the grounds that the defendant did not have an office in Broome County for the transaction of business was denied. The court found in the prior case, that the defendant, a Schenectady based corporation, maintained a construction trailer in the village of Deposit which was used as an office by the project engineer who supervised and directed the construction work being performed by the defendant. It was the opinion of the court that the trailer constituted a temporary office for doing business, the business being the construction of sewer lines and as such gave the court jurisdiction under section 1801 of the Uniform City Court Act. The defendant contends that two days before this claim was filed the defendant quit work on the project and shut the job down. The work has not been recommenced. It is the defendant’s contention that it is no longer doing business in Broome County and that this court lacks jurisdiction because service of the summons was made on a nondomiciled corporation which was not transacting business in the county.
The court disagrees with the defendant’s contention. The language contained in section 1801 of the Uniform City Court Act states in part "provided that the defendant either resides, or has an office for the transaction of business”. There is no question that the summons in this matter was delivered and received at the construction trailer which was physically present in the County of Broome. The sole question is whether *860 the construction trailer ceased to constitute an office for the transaction of business in Broome County because the defendant shut the construction work down over a dispute with the consulting engineer. In the opinion of this court a defendant engaged in a multimillion dollar construction contract does not cease to transact business in Broome County because it shuts down its project, when its construction equipment, and personnel remain in the area. A dispute may be temporary, settled quickly, and the construction work recommenced. If the defendant intended to cease transacting business in Broome County it should have moved its equipment and personnel from the site. I conclude that the defendant maintained an office for the transaction of business in Broome County. I find as in the prior case, that both parties were 50% negligent and I award the plaintiff $31.11 (one half of the cost of repairing the exhaust system) plus $3.23 cost.