OPINION OF THE COURT
Matthew J. Vitanza, J.
The plaintiff sues the defendant for damages in the sum of $670.16, pursuant to section 167 (subd 1, par [b]) of the New York State Insurance Law, for the loss of use of his automobile arising out of an accident which occurred on November 8, 1979, on Lewis Street near its intersection with Fayette Street in the City of Binghamton, New York. It appears from the testimony that the plaintiff obtained a judgment against the defendant’s insured for the above amount. That subsequent to entry of the judgment, the defendant was informed of the fact that the plaintiff had obtained a judgment against the defendant’s insured and a demand was made for payment. The defendant has neglected or refused to pay the judgment against their insured *490 and the plaintiff filed his claim in Small Claims Court.
At the hearing herein the defendant defaulted in appearance. However, the court question is whether Small Claims Court was the proper forum to bring this action pursuant to section 167 (subd 1, par [b]) of the Insurance Law. The defendant herein is a foreign corporation. Service in this case was made by registered mail to the defendant in care of Smith, Wilson Bros. Insurists, Inc. a local insurance firm through whom the policy involved in this case was obtained. There was no evidence presented that Smith, Wilson Bros. Insurists, Inc. was a subsidiary of the defendant. The plaintiff in attempting to comply with the jurisdictional requirement of section 1801 of the Uniform City Court Act which requires that “the defendant either resides, or has an office for the transaction of business or a regular employment, within the county”, cites Mark Starr v Albin Constr. Co. (87 Misc 2d 858) a case decided by this court and this Judge. In that case, Albin Construction Co. had a construction trailer located in Broome County. The trailer was used as an office by the employees of Albin Construction Co., who were managing and directing a construction project. This case is readily distinguishable. In Albin Constr. Co., those who occupied the trailer were employees of Albin Construction Co. In this case Smith, Wilson Bros. Insurists, Inc. is a separate independent entity. The criteria under section 1801 of the Uniform City Court Act is not whether the company does business in the county but whether it “has an office for the transaction of business”. (Emphasis added.)
Sections 59 and 59-a of the Insurance Law provide for method of service of process upon domestic, foreign or alien insurers. These sections permit service of process upon the Superintendent of Insurance, any Deputy Superintendent of Insurance, or upon any salaried employee of the department whom the Superintendent of Insurance designates to accept service. Subdivision 1 of section 59 requires all domestic, foreign or alien insurers to file a power of attorney with the superintendent designating him and his successor in office and duly authorized deputies as the true and lawful attorney of such insurer in and for this State upon whom all lawful process may be served. There was no proof sub *491 mitted herein that the defendant had filed such a power of attorney with the Superintendent of Insurance.
Section 59-a of the Insurance Law declares it is a subject of concern that many residents of the State hold policies of insurance issued or delivered in this State by insurers not authorized to do business in this State, thus presenting to such residents the often insuperable obstacle of resorting to distant forums for the purpose of asserting legal rights under such policies. To assist such residents, this section provides for a method of substituted service of process upon such insurers. Section 59-a (subd 2, par [a]) describes acts effected by mail or otherwise in this State, if performed by an unauthorized foreign or alien insurer which would result in the automatic appointment by such insurer of the Superintendent of Insurance and his successor in office as its attorney to receive service of process. The policy of insurance herein would have been issued under one of the acts mentioned in the section.
Section 1803 of the UCCA provides that service of process of a claim filed in Small Claims Court be made by “the sending of notice of such claim by registered or certified mail with return receipt requested to the party complained against at his residence, if he resides within the county and his residence is known to the claimant, or at his office or place of regular employment within the county, if he does not reside therein”.
There was no notice of claim sent to the Superintendent of Insurance herein as provided for in section 59 or section 59-a of the Insurance Law. This court does not have jurisdiction over the defendant herein. The court further concludes that Small Claims Court is not an appropriate forum for a claim against a foreign or alien insurer under section 167 (subd 1, par [b]) of the Insurance Law (or for any other claim) because service of the notice of claim cannot be made under the rules governing service of process of small claims.